UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY JAMES                                                    CIVIL ACTION

VERSUS                                                              NO.   07-7614

RONALD BRANCH, ET AL.                                 SECTION "K"(4)

## ORDER AND REASONS

Before the Court is the Defendants' **Motion for Relief from Order Pursuant to Fed. R.
Civ. P. 60(b) (Rec. Doc. No. 45)** seeking reconsideration of the Court's September 11, 2008, Order
granting the Plaintiff Henry James's Motion to Compel (Rec. Doc. No. 42).  James has not filed an
opposition to the motion.

I.        Defendants' Motion

       In support of the motion, the Defendants argue that James never actually propounded
discovery to counsel.  Rather, he forwarded counsel a copy of his prior Motion for Discovery (Rec.
Doc. No. 35), which was denied by the Court as an improper method of seeking discovery.  (Rec.
Doc. No. 36).  The Defendants also suggests that, because the Court scheduled a *Spears* Hearing,
counsel assumed that James's claims would be dismissed pursuant to Title 28 U.S.C. § 1915.

       The Defendants further suggest that they were not provided adequate notice of the setting
of the hearing on James's Motion to Compel.  They argue that the delay in docketing the order

actually setting the hearing, combined with disruption caused by Hurricane Gustav, limited their ability to file an opposition to James's Motion to Compel.

The Defendants seek relief  from the Order requiring them to reply to discovery which was never served and request that the Court conduct a frivolousness review of the claims asserted against the defendants before requiring counsel to respond to any discovery.

## II.    <u>Standard of Review</u>

The defendants urge this motion pursuant to Fed. R. Civ. P. 60(b),[1] which sets forth the specific requirements to be met for relief from a judgment as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6)    any other reason justifying relief from the operation of the judgment.

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S.D. Tex.1994).  Although Rule 60(b) speaks in

---

[1]The Fifth Circuit has held that a motion to reconsider a judgment filed within ten days after entry of judgment, is to be treated as a motion to alter or amend under Fed. R. Civ. P. 59(e) and if filed after ten days, the motion is held to the more stringent standards of a Fed. R. Civ. P. 60(b) motion for relief from judgment.  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990).  In this case, although the motion was filed less than 10 days after issuance and entry of the Court's motion granting James's Motion to Compel, the Defendants have chosen to urge the motion pursuant to Rule 60(b).

terms of judgment, courts use the same standard when reconsidering pre-trial non-dispositive motions, like the one at issue here. *Tomlinson v. Allstate Indem. Co.*, No. 06-0617, 2007 WL 430642 (E.D. La. Feb. 5, 2007).

The disposition of a motion under Fed. R. Civ. P. 60(b) is left to the sound discretion of the trial court. *Garcia v. Woman's Hospital of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. *Swift Chemical Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993); *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980); *Swift Chemical Co.*, at 1350.

In *Edward H. Bohlin Co.*, the Fifth Circuit recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. *Edward H. Bohlin Co.*, 6 F.3d at 356. To that end, Rule 60(b) "must be equitably and liberally applied to achieve

substantial justice." *Blois*, 612 at 938; *see also*, *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).

### III.   <u>Analysis</u>

The Defendants have urged reconsideration of the Court's Order (Rec. Doc. No. 44) granting James's Motion to Compel pursuant to Rule 60(b)(6), which allows relief from a judgment based on "any other reason justifying relief from the operation of the judgment." The Court will limit its review to that factor under Rule 60.

The Court must first note that counsel is attempting to utilize Rule 60(b)(6) to assert its substantive oppositions to James's Motion to Compel. The record reflects, as indicated in the Court's prior Order, that the Defendants did not file an opposition to the motion. To assert here for the first time that the Defendants oppose the granting of the motion and the discovery itself is an inappropriate use of Rule 60(b).

The Defendants argue that counsel did not have an adequate opportunity to file an opposition to the motion before the hearing, which was less than 15 days after the motion was set. The Court, not the plaintiff, set the motion for hearing. (Rec. Doc. No. 42). Thus, Local Rule 7.2E requiring a 15 day notice prior to a hearing is inapplicable. In addition, at no time did counsel move for a continuance or an extension of time to file an opposition based on any time delays or interruption caused by Hurricane Gustav. Instead, counsel chose not to file anything prior to the hearing. This failure was also discussed with counsel during oral argument. Counsel offered no excuses and did not ask for any concessions at that time. Therefore, this argument is without merit.

The Defendants argue that discovery is inappropriate at this time because no conference has been held as required by Fed. R. Civ. P. 26(f) and no Fed. R. Civ. P. 26(a) disclosures have been

4

exchanged.  Rule 26(f)(1) requires a conference between the parties at least 21 days prior to a preliminary conference under Rule 16 "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when a court orders otherwise."  By its very terms, Rule 26(a)(1) also defers to the orders of the Court in connection with the need for and timing of initial disclosures.

In this case, James's discovery seeks addresses and information necessary for him to attempt to re-serve certain defendants so that this case can move forward.  This Court cannot set a Rule 16 preliminary conference until the issue is joined.  If the plaintiff does not get his discovery responses, no further service attempts can be made in order to join the issues and set a preliminary conference.  The Court, through its Orders, is directing that this limited discovery be completed now.

Finally, the Defendants argue that their counsel has not actually been served with discovery from James.  This is contrary to the statements of counsel at the hearing where it was conceded that counsel received the discovery.  The pleadings reflect, as confirmed at oral argument, that counsel chose not to respond to the discovery or the motion for discovery under the mistaken assumption that the *Spears* Hearing would somehow guarantee dismissal of James's claims.  The purpose of a *Spears* Hearing is to obtain clarification of *pro se* pleadings, not a guarantee that a plaintiff's claims will be dismissed under § 1915 or § 1915A, especially in an excessive force case such as this one.

The record reflects that this Court denied James's prior Motion for Discovery (Rec. Doc. No. 35) and instructed the plaintiff to forward his discovery requests to counsel directly.  (Rec. Doc. No. 36).  As indicated by James in his Motion to Compel (Rec. Doc. No. 42), and as discussed with both sides at oral argument, after receiving the Court's order, James called counsel for defendants, and counsel confirmed that he already had the discovery requests which were attached to the Motion for

Discovery.  As reported, counsel also advised James that he was not going to respond until after the *Spears* Hearing or until ordered to do so by the Court.

Counsel has been so ordered by the Court and now wishes to avoid that instruction in retrospect.  There is no question that counsel is in possession of the discovery requests, perhaps in an unorthodox form, propounded by the *pro se* plaintiff.   The Defendants have not presented any justifiable reason for altering the Court's prior order granting James's Motion to Compel.  The record also does not demonstrate any equity or substantial justice that would be achieved by granting the Defendants' Rule 60(b)(6) motion.  Accordingly,

**IT IS ORDERED** that the Defendants' **Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(b) (Rec. Doc. No. 45)** is **DENIED** and counsel shall submit responses to James's discovery requests no later than 15 days of the signing of this order.

New Orleans, Louisiana, this 31st day of October, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**