# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7614** |
| **RONALD BRANCH, ET AL.** | **SECTION: "K" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

## I.  Factual and Procedural Background

The Plaintiff, Henry James ("James"), filed a Complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 claiming that prison officials have unconstitutionally retaliated against him as a result of his administrative remedy complaints. He alleges that while he was incarcerated at Rayburn Correctional Center, he was subjected to harassment by prison officials. In connection with his suit, James has named numerous defendants, one of which is Master Sergeant Knight ("Knight").[1]

---

[1] James asserts claims against: Ronald Branch, Bobbi Jo Breland, Randall Whaley, Brandon Broom, Wayne Kennedy, Cadet McNeese, Master Sergeant Knight, Robert Tanner, Brent Brumfield, Keith Sumrall, Walter Miller, Tommy Erwin, Richard Stalder, Lieutenant Moody, Master Sergeant Morris, Lieutenant Williams, Jim Rogers, Harry Powell, Keith Bickham, Lieutenant Tullos, Jeffery E. Travis, Sergeant Stringer, and Larry Grow. (Rec. Doc. 1).

The Complaint was filed on November 1, 2007. However, Knight was not served within 120 days of that date as required by Fed. R. Civ. P. 4(m). Instead, the summons for Knight was returned unexecuted on November 26, 2007. (Rec. Doc. 22).

In this case, because James failed to serve Knight within the 120 days as required by the Federal Rules, this Court issued a Rule to Show Cause ordering James to show cause why his claims against Sergeant Knight should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m). (*See* Rec. Doc. 48). James responded to the Order with a "Motion to Show Cause" (Rec. Doc. 53), wherein he explains that the harassment he endured was largely at the hands of other prison officials. James further indicates that, as a result, he "has no problem with this Honorable Court dismissing Master Sergeant Knight from this suit."

## II.    Recommendation

For the foregoing reasons, it is hereby **RECOMMENDED** that Henry James' claims against the defendant Sergeant Knight be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of March, 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**