# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY JAMES | CIVIL ACTION |
| VERSUS | NO. 07-7614 |
| RONALD BRANCH, ET AL | SECTION "K"(4) |

## ORDER AND OPINION

Before the Court is the "Objection to the Report and Recommendation" (Doc. 67) filed on behalf of plaintiff Henry James in response to the Report and Recommendation of United States Magistrate Judge Karen Roby. The Magistrate Judge recommended that the "Motion to Dismiss" filed on behalf of all remaining defendants (Doc. 60) be granted[1] and that plaintiff's complaint be dismissed with prejudice as prescribed. Having reviewed the pleadings, memoranda, and relevant law, the Court finds that the plaintiff's objections are without merit and adopts the Magistrate Judge's Report and Recommendation as its own for the reasons that follow.

Henry James filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. §1983 alleging violations of his civil rights by twenty three correctional officers while he was incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. Plaintiff urges that the named correctional officers violated his civil rights as a result of racial harassment, which manifested itself in a variety of ways including a) racial slurs, b) cruel and unusual punishment, c) retaliation for and hinderance of the exercise of his constitutional right to file lawsuits, and d) denial of access to legal supplies as an indigent. In alleging that defendants violated his civil rights, plaintiff cites a number

---

[1] The Court has previously dismissed without prejudice plaintiff's claims against defendant, Master Sgt. Knight for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

of incidents which occurred between November 4, 2005 and June 22, 2006. Additionally, plaintiff urges that because he was denied "law library time and legal supplies, he lost two (2) civil suits before this Court under civil action numbers 06-2370 and 06-4097." Doc. 3, p. 12. In both C.A. 06-2370 and C.A. 06-4097,[2] a Magistrate Judge denied plaintiff's motion for leave to file suit *in forma pauperis* pursuant to 28 U.S.C. §1915(g) because while incarcerated plaintiff had previously filed three suits *in forma pauperis* which had been dismissed because they were frivolous, malicious, or failed to state a claim.[3] The merits of the claims alleged in C.A. 06-2370 and 06-4097 were never litigated.

After being released from incarceration plaintiff filed this suit *in forma pauperis*. Because plaintiff was not incarcerated when he filed this suit, 28 U.S.C. §1915(g) no longer barred his filing of an *in forma pauperis* suit.

In analyzing whether plaintiff timely filed this suit, the Magistrate Judge concluded that plaintiff's claims accrued at the latest on August 8, 2006, when the Court denied plaintiff pauper status in C.A.06-409, and that because plaintiff did not file this suit within one year of that date, his claims were time barred. Plaintiff does not challenge the Magistrate Judge's determinations that his claims accrued at the latest on August 8, 2006, or that plaintiff's suit is properly considered

---

[2] *James v. Warden Jim Rogers*, C.A. 06-2370, Doc. 2; *James v. United States of America*, C.A. 06-4097, Doc. 2.

[3] 28 U.S.C. §1915(g) provides:
> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"filed" as of October 29, 2007. Rather, plaintiff contends that Louisiana Civil Code Article 3492, which establishes a one year period of limitation for delictual actions and provides the applicable statute of limitation for plaintiff's claims, "does not allow enough time for meaningful access to the courts in which to file suit"[4] and that the conflict between Article 3492 and 28 U.S.C. §1915(g) denies "indigent prisoners with 'three-strikes,' . . . meaningful access to pursue a meritorious legal claim."[5]

## LAW AND ANALYSIS

It is well established that 29 U.S.C. §1915(g) does not violate a prisoner's access to the courts; the statute does not prohibit a prisoner from filing a lawsuit, but rather only denies a prisoner the right to file a suit *in forma pauperis*. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Plaintiff contends that the one year statute of limitations provided in Article 3492 is too short to provide prisoners adversely affected by the three-strikes provision of §1916(g) meaningful access to the courts because the one year statute of limitations might well expire while a prisoner is incarcerated or shortly after release from incarceration. The Fifth Circuit has recognized the possibility that "a potential litigant who is denied IFP status under [§1915(g)] will not have the ability to pay the entire filing fee within the statute of limitations . . ., and will thereby be precluded from litigating or appealing his case on the merits" but "has held the 'three strike' provision of §1915(g) constitutional in spite of this risk." *Soloman v. Collins*, 149 F.3d 1177, 1998 WL 414024 (5th Cir. June 26, 1998). Plaintiff's inability to file suit *in forma puaperis* did not deny plaintiff of meaningful access to the courts. At all times while incarcerated, plaintiff had access to the courts;

---

[4] Doc. 67, p. 2.

[5] Doc. 67, p. 2-3.

he simply had to pay the required filing fee.

Plaintiff also objects to the Report and Recommendation urging that he has a claim of racial harassment pursuant to 42 U.S.C. §1981 that would not be time-barred[6] and therefore, his claims should not be dismissed. "42 U.S.C. §1981 prohibits discrimination in the making and enforcement of contracts on the basis of race." *Carey v. State of Louisiana*, 2001 WL 1548962 *3 (E.D. La. December 5, 2001) (Africk, J). None of the factual allegations in the pleadings filed by Mr. James in this case allege racial discrimination in the making and enforcement of contracts. Thus, this objection is without merit. Accordingly,

**IT IS ORDERED** that the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge;

**IT IS FURTHER ORDERED** that the Henry James's complaint be dismissed with prejudice as time barred.

New Orleans, Louisiana, this 1st day of December, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Mr. James asserts that 28 U.S.C. §1658(a) provides a four year statute of limitations for claims brought pursuant to 42 U.S.C. §1981. For the reasons stated *infra*, the Court need not address whether a claim arising from the facts alleged in plaintiff's pleadings are time barred.